```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| CANADIAN NATIONAL RAILWAY | CIVIL ACTION |
| VERSUS | No. 06-2763 |
| UNISTAR PLASTICS LLC | SECTION: I |

### ORDER AND REASONS

Before the Court is a motion to dismiss filed on behalf of defendant, Unistar Plastics LLC ("Unistar"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] Defendant contends that this Court lacks subject matter jurisdiction and that plaintiff, Canadian National Railway ("Canadian"), has failed to state a claim upon which relief can be granted. For the following reasons, defendant's motion to dismiss is **DENIED**.

### *Background*

On June 23, 2005, Canadian sued Unistar to recover demurrage[2] charges assessed between October, 2001, and August,

---

[1] Rec. Doc. No. 2-1.

[2] "Demurrage is 'a charge exacted by a carrier from a shipper or consignee on account of a failure on the latter's part to load or unload cars within the specified time prescribed by the applicable tariffs; the purpose of the charge is to expedite the loading and unloading of cars, thus facilitating the flow of commerce, which is in the public interest.'" *Ill. Cent. R.R. Co. v. S. Tec Dev. Warehouse, Inc.*, 337 F.3d 813, 815 n.1 (7th Cir. 2003) (citing BLACK'S LAW DICTIONARY 432 (6th ed. 1990)).

2004.[3]  According to the complaint, Canadian is a common carrier by railroad engaged in interstate commerce which does business in the United States and Canada.[4]  Canadian alleges that Unistar is a limited liability company involved in freight transportation with its corporate headquarters in Harahan, Louisiana.[5]  Canadian alleges that this lawsuit arises out of charges assessed under circulars and tariffs published by Canadian for demurrage services performed by Canadian for Unistar.[6]  The complaint states that pursuant to the applicable tariffs, circulars and contracts, $123,000.00 of demurrage charges accrued, and that these charges were billed to Unistar but have not been paid.[7]

On June 14, 2006, Unistar filed its motion to dismiss.[8]  Unistar specifically contends that absent a contractual relationship, a consignee who is not an agent cannot be held liable pursuant to 49 U.S.C. § 10743(a) and that, accordingly,

---

[3]Rec. Doc. No. 1-4, p. 2, ¶ 6.  Canadian filed its complaint in the United States District Court for the District of New Jersey.  *See id*. at 1.  On May 22, 2006, that court transferred this action to the Eastern District of Louisiana pursuant to a joint motion to transfer.  *See* Rec. Doc. No. 1-1.

[4]Rec. Doc. No. 1-4, p. 2, ¶ 3.

[5]*Id*. at ¶ 4.

[6]*Id*. at ¶ 5.

[7]*Id*. at ¶¶ 7-8.

[8]Rec. Doc. No. 2-1.

the Court is without subject matter jurisdiction.[9]  In its opposition to defendant's motion, plaintiff argues that based on the allegations in the complaint, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337(a) and 49 U.S.C. § 10743(a).[10]  Plaintiff further contends that its complaint states a claim upon which relief can be granted in that the complaint contains allegations that it, a common carrier, performed transportation services pursuant to published tariffs for which

---

[9] 49 U.S.C. § 10743(a) provides:
(a)(1) Liability for payment of rates for transportation for a shipment of property by a shipper or consignor to a consignee other than the shipper or consignor, is determined under this subsection when the transportation is provided by a rail carrier under this part. When the shipper or consignor instructs the rail carrier transporting the property to deliver it to a consignee that is an agent only, not having beneficial title to the property, the consignee is liable for rates billed at the time of delivery for which the consignee is otherwise liable, but not for additional rates that may be found to be due after delivery if the consignee gives written notice to the delivering carrier before delivery of the property--
(A) of the agency and absence of beneficial title; and
(B) of the name and address of the beneficial owner of the property if it is reconsigned or diverted to a place other than the place specified in the original bill of lading.
(2) When the consignee is liable only for rates billed at the time of delivery under paragraph (1) of this subsection, the shipper or consignor, or, if the property is reconsigned or diverted, the beneficial owner, is liable for those additional rates regardless of the bill of lading or contract under which the property was transported. The beneficial owner is liable for all rates when the property is reconsigned or diverted by an agent but is refused or abandoned at its ultimate destination if the agent gave the rail carrier in the reconsignment or diversion order a notice of agency and the name and address of the beneficial owner. A consignee giving the rail carrier, and a reconsignor or diverter giving a rail carrier, erroneous information about the identity of the beneficial owner of the property is liable for the additional rates.

[10] Rec. Doc. No. 11, p. 5.

defendant has not paid.[11]

### *Law and Analysis*

I.   **Standard of Law**

   **A. Lack of Subject Matter Jurisdiction**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action where the court finds that it does not have subject matter jurisdiction.  Rule 12(b)(6) provides for dismissal for failure of a party to state a claim for which relief can be granted.  Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

A motion to dismiss for lack of subject matter jurisdiction should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."  *Ramming*, 281 F.3d at 161.  To assess whether subject matter jurisdiction exists, this Court may

---

[11]*Id.*; Rec. Doc. No. 1-4, p. 2, ¶¶ 5, 8.  Plaintiff also urges the Court not to treat defendant's Rule 12(b)(6) motion as a Rule 56 motion for summary judgment.  Plaintiff further argues that if the Court were to consider defendant's motion pursuant to Rule 56, the motion must be denied because Unistar was a consignee and beneficial recipient of the product delivered by plaintiff and is therefore liable for the charges associated with the delivery.
   Because no evidence has been presented, the Court will consider defendant's motion as it was filed and will not treat defendant's motion as a motion for summary judgment.

look to the complaint and the undisputed facts in the record. *See id.* When analyzing the complaint, this Court will take the allegations in the complaint as true. *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995). Because the burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction, Canadian "constantly bears the burden of proof that jurisdiction does in fact exist." *See Ramming*, 281 F.3d at 161 (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995), and *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

**B. Failure To State A Claim Upon Which Relief Can Be Granted**

If the court determines that subject matter jurisdiction exists, it must then address the remaining Rule 12 motions. *Ramming*, 281 F.3d at 161 (citing *Hitt*, 561 F.2d at 608). Pursuant to Rule 12(b)(6), a district court cannot dismiss a complaint for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The court will not look beyond the factual allegations in the complaint to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772,

774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In assessing a claim, a court must accept all well-pleaded facts in the complaint as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *See Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  "However, '[i]n order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations.'"  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)) (alteration in original).

The "complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).  A plaintiff "is merely required to provide, in his complaint, a 'short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests.'"  *Lewis v. Fed. Reserve Bank of Atlanta-New Orleans Branch,* No. Civ.A. 04-1452, 2004 WL 2035006, at *3 (E.D. La. Sept. 10, 2004) (quoting *Conley,* 355 U.S. at 47, 78 S. Ct. at 103).  A complaint must allege sufficient facts for an inference to be drawn that the elements

of the claim exist.  *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990).

**II.  The Interstate Commerce Act**

The thrust of defendant's argument is that 49 U.S.C. § 10743(a) applies only to consignees who are agents or to consignees who have a contract with a carrier.  Defendant contends that because it is a consignee who is neither an agent nor a party to a contract, this Court does not have subject matter jurisdiction and plaintiff has failed to state a claim.[12]

**A.  Jurisdiction**

In its complaint, plaintiff alleges that the Court derives jurisdiction from 28 U.S.C. § 1337(a) and 49 U.S.C. § 10743(a).[13] The relevant portion of section 1337 provides that "[t]he district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating commerce."

The United States Supreme Court has consistently held that federal district courts have jurisdiction over actions brought by common carriers to recover monies owed under published and filed tariffs.[14]  Most recently, in *Thurston Motor Lines, Inc. v.*

---

[12]Rec. Doc. No. 2-2, p. 2.

[13]Rec. Doc. No. 1-4, p. 1, ¶ 1.

[14]Rec. Doc. No. 11, p. 4; *see Louisville & N.R. Co. v. Rice*, 247 U.S. 201, 202, 38 S. Ct. 429, 429, L. Ed. 1071, 1072-73 (1918); *Turner, Dennis & Lowry Lumber Co. v. Chicago M. & S.P.R. Co.*, 271 U.S. 259, 261, 46 S. Ct. 530, 531, 70 L. Ed. 934, 938 (1926); *Thurston Motor Lines, Inc. v. Jordan K. Rand, LTD.*, 460

*Jordan K. Rand, Ltd.*, the Supreme Court held that, where the common carrier sued to recover under its duly filed tariff, the action arose pursuant to the Interstate Commerce Act and the district court had jurisdiction pursuant to 28 U.S.C. § 1337. 460 U.S. at 534, 103 S. Ct. at 1343, 75 L. Ed. 2d. at 262 (noting that *Louisville & N.R. Co. v. Rice*, 247 U.S. 201, 38 S. Ct. 429, 62 L. Ed. 1071 (1918), held that "federal-question jurisdiction existed over a suit to recover $145 allegedly due the carrier for an interstate shipment under tariffs regulated by the Interstate Commerce Act").

Plaintiff has alleged that it is a railroad carrier who has a claim for unpaid monies owed by defendant pursuant to a published tariff,[15] which constitutes a claim arising under an act of Congress regulating commerce.[16] Accepting the jurisdictional facts in the complaint as true,[17] jurisdiction may be established under section 1337 and the defendant's motion to dismiss based on lack of subject matter jurisdiction must be

---

U.S. 533, 534, 103 S. Ct. 1343, 1343, 75 L. Ed. 2d 260, 262 (1983).

[15]Rec. Doc. No. 1-4, p. 2.

[16]49 U.S.C. § 10746 requires rail carriers subject to the jurisdiction of the Surface Transportation Board to compute demurrage charges and establish appropriate rules to govern them.

[17] Of course, in deciding defendant's 12(b)(1) motion, the Court could resolve jurisdictional facts based on evidence rather than presume the truthfulness of plaintiff's allegations. *See MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 180-81 (5th Cir. 1992)(stating that "the trial court is free to weigh the evidence"). However, defendant has failed to present any evidence.

denied.

### B. Plaintiff's Claim

Defendant alleges that 49 U.S.C. § 10743(a) does not apply because it is a consignee who is not an agent and who has no contractual relationship with plaintiff.  Even if defendant's contentions were factually accurate and legally dispositive, the allegations in plaintiff's complaint control in the context of a Rule 12(b)(6) motion.  Based on plaintiff's allegations, it is not certain that plaintiff will be unable to prove defendant is liable for the demurrage charges assessed to it by Canadian. Plaintiff alleges that it is entitled to payment for demurrage services rendered for defendant pursuant to published tariffs, circulars and contracts.[18]

As plaintiff argues, "Filed tariffs have the force of law, and establish the liability of a recipient of services covered by the tariff."  *Illinois C. G. R. Co. v. Golden Triangle Wholesale Gas Co.*, 586 F.2d 588, 592 (5th Cir. 1978) (internal citations omitted).

> Where demurrage charges are prescribed by a tariff, and where a liability for such charges accrues, the carrier is under a duty to collect and the consignee is under a duty to pay them. The carrier and the consignee have no choice in the matter, and it is not a legitimate subject for compromise or settlement between them.

---

[18]Rec. Doc. No. 1-4, p. 2.  The complaint specifically states that Canadian provided transportation services for defendant and assessed defendant with charges for demurrage services totaling $123,000.00.  *Id.* at ¶ 7.

*City of New Orleans By and Through Public Belt R.R. Commission v. Southern Scrap Material Co., Ltd.*, 491 F. Supp. 46, 48 (E.D. La. 1980). Other established case law supports that liability for demurrage charges may arise if a party is "a consignee or if it contractually assumed liability for the demurrage charges." *Ill. Central R.R. Co. v. South Tec Dev. Warehouse, Inc.*, 337 F.3d 813, 820 (7th Cir. 2003).[19] Plaintiff alleges that defendant is liable both because it is a consignee subject to plaintiff's published tariffs and because a contractual relationship exists.[20] Given the cited law and accepting plaintiff's pleaded facts as true, the Court finds that plaintiff's complaint alleges sufficient facts to survive defendant's 12(b)(6) motion. Accordingly,

**IT IS ORDERED** that the motion of defendant, Unistar Plastics LLC, to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of Federal Rules of Civil Procedure, is **DENIED.**

New Orleans, Louisiana, August __22nd__, 2006.

---

[19] Defendant improperly relies on *CSX Transportation v. Novolog Bucks County* to argue that it can only be liable if it entered into a contract with Canadian. Rec. Doc. No. 2-2, pp. 2-3. In that case, defendant Novolog merely acted as an intermediary in the transport of goods, not as a principal consignee in whose name the shipment was ordered. No. 04-4018, 2006 U.S. Dist. LEXIS 32917, at *4 (E.D. Pa. 2006). The underlying case analysis in *Novolog* seems premised on this intermediary status. *See id.* at *26-27. Case law cited by *Novolog* also supports liability based on contract *or* statute. *Id.* at *46 ("Specifically, the Court stated that liability 'must be founded either on contract, statute, or prevailing custom.'") (quoting *Middle Atlantic Conference v. United States*, 353 F. Supp. 1109, 1118 (D. D.C. 1972)). This Court does not find *Novolog* applicable for purposes of deciding these motions where plaintiff alleges that defendant was the principal beneficiary and consignee of the goods.

[20] Rec. Doc. No. 1-4, p. 2; Rec. Doc. No. 11, p. 6. Defendant admits that it is a consignee, but refutes that there is a contract between plaintiff and defendant. Rec. Doc. No. 2-2, pp. 2-3.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**